David K. W. Wilson, Jr.
REYNOLDS, MOTL AND SHERWOOD, P.L.L.P.
401 North Last Chance Gulch
Helena, MT 59601
(406) 442-3261

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

\* \* \* \* \* \* \* \*

| | |
|---|---|
| BRANDY M. FINCH ) | |
| ) | Case No: CV-06-53-M-LBE |
| Plaintiff, ) | |
| ) | COMPLAINT |
| vs. ) | |
| ) | |
| CAPITAL RECOVERY SERVICE, LLC, and ) | |
| WELTMAN, WEINBERG & REIS CO., LPA,) | |
| ) | |
| Defendants. ) | |

\* \* \* \* \* \* \* \*

## I.   INTRODUCTION

This is an action by a consumer seeking actual, statutory and punitive damages, and attorney fees, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Montana Consumer Protection Act, and under other Montana law.

## II.   PARTIES

1.   Brandy M. Finch is resident of Missoula, Montana. She is married and employed in Missoula.

2.   Defendant Capital Recovery Service, LLC, (Capital Recovery) is, on information and belief, a Florida Corporation not licensed to do business in Montana. Capital Recovery is a "debt collector" as defined by the Fair Debt Collection Practices Act in 15 U.S.C. § 1692a (6).

3.   Defendant Weltman, Weinberg & Reis Co., L.P.A. (Weltman, Weinberg & Reis), is, on information and belief, an Ohio corporation not licensed to do business in Montana. Weltman, Weinberg & Reis is not licensed do business in Montana. None of the attorneys listed at the firm's website (www.weltman.com) is listed as being licensed to practice law in Montana.

## III.   JURISDICTION AND VENUE

4.   Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C. §1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

5.   Plaintiff Finch is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

6   Defendants Weltman, Weisman and Reis, and Capital Recovery Service, were attempting to collect from Ms. Finch a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

7.   The individual debt Defendants were attempting to collect from Ms. Finch was an obligation or alleged obligation to pay money arising out of a transaction primarily for personal, family, or household purposes.

8.   Defendants used interstate commerce and/or the mail for the collection of debts.

9.   The principle purpose of both Defendants' business is the collection of debts.

10. The Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are therefore "debt collectors" as defined by FDCPA, 15 U.S.C §1692a(6).

11. Venue is proper in this District under 28 U.S.C. §1391(b) because the Defendant conducts affairs and transacts business in this District, and a significant portion of the unlawful acts giving rise to this Complaint occurred in this District, and the plaintiffs reside within the territorial jurisdiction of the court.

### IV.   FACTS

12. In June of 2005, Ms. Finch and her husband entered into a second mortgage with Missoula Federal Credit Union for the purpose of paying off various debts. One of Ms. Finch's debts was a credit card debt to Bank of America in the amount of $5,619.27.

13. After the closing, on June 23, 2005, Ms. Finch contacted Bank of America and spoke to a Ms. Murdock about whether Bank of America would accept less than the full balance as payment in full. Ms. Murdock informed Ms. Finch that Bank of America would accept 4,394.32 as payment in full. However, by the time that Ms. Finch passed this information on to her Missoula Credit Union, it had already sent Bank of America the full $5,617.27 on June 22, 2005.

15. Ms. Finch immediately contacted Bank of America to find out whether they would return the check and accept a new check for the negotiated reduced amount. She was initially told that the check had not yet arrived and that she should call back. When she called back on July 1, 2005, she was told by Bank of America that it had assigned the account to Capital Recovery Services on June 24, 2005. Subsequently, however, she found out that on June 29, 2005, Bank of America cashed the $5,619.27 check.

16. Beginning in July 2005, Capital Recovery began making collection calls to Ms. Finch and her husband. They informed Capital Recovery that the debt was paid in full, but the collection calls continued. During July, August, September and October of 2005, collection calls from Capital Recovery were frequent and offensive. Each time Ms. Finch or her husband spoke with a collector, they informed the collector that the debt was paid in full, but the calls continued.

17. On August 1, 2005, Capital Recovery sent Ms. Finch a collection letter. It was the first letter she had received from Capital Recovery. It did not contain the validation notice required under 15 U.S.C. § 1692g, but rather demanded full payment of $5,565.14 immediately. A follow up letter from Capital Recovery was sent on August 31, 2005. On November 10, 2005, Ms. Finch sent Capital Recovery a letter disputing the debt and attaching a copy of the $5,619.27 check cashed by Bank of America on June 29, 2005.

18. Ms. Finch did not hear back from Capital Recovery. On December 8, 2005, the Law Offices of Weltman, Weinberg & Reis sent Ms. Finch a collection letter, purporting to be collecting on behalf of LVNV Funding in an amount of $5,839.02. LVNV Funding had apparently purchased the debt from Capital Recovery. Ms. Finch received two more letters from Weltman, Weinberg & Reis during January 2006. On January 21, 2006, Ms. Finch sent Weltman, Weinberg & Reis a letter disputing that she owed the debt, explaining that it had been paid in full. She enclosed a copy of the canceled check showing Bank of America's receipt of the funds.

19. Ms. Finch has been damaged by Defendants' wrongful and illegal collection efforts and has suffered inconvenience, mental anguish and distress. She has had to retain a lawyer to pursue this matter.

## V.   COUNT ONE -- FAIR DEBT COLLECTION PRACTICES ACT

20.   The preceding paragraphs are realleged as though set forth in full hereunder.

21.   Defendants are debt collectors as defined in the Fair Debt Collection Practices Act.

22.   Capital Recovery Service violated the FDCPA in failing to provide Ms. Finch with the proper notice of debt and opportunity to validate the debt as required in 15 U.S.C. § 1692g, and violated 15 U.S.C. § 1692e & f in attempting to collect a debt from Ms. Finch that she did not owe, and in failing to respond to her dispute of that debt.

23.   Weltman, Weinberg & Reis violated the FDCPA, 15 U.S.C. § 1692e & f in attempting to collect a debt from Ms. Finch that she did not owe, and in failing to respond to her dispute of that debt.

24.   Because of the Defendants' violations of the FDCPA, Ms. Finch is entitled to her actual damages, statutory damages, and attorney fees under 15 U.S.C. § 1692k.

## VI.   COUNT TWO – MONTANA CONSUMER PROTECTION ACT

25.   The preceding paragraphs are realleged as though set forth in full hereunder.

26.   The Montana Consumer Protection Act prohibits unfair and deceptive acts or practices in trade or business.

27.   As set forth herein, Defendants' unfair and deceptive acts or practices include, but are not limited to:

a.   attempting to collect a debt from Ms. Finch that she did not owe;

b.   making harassing and obnoxious telephone calls in an attempt to collect a debt from Ms. Finch that she did not owe; and

c.  Failing to respond to Ms. Finch's dispute and stop collecting the debt upon receipt from Ms. Finch of information demonstrating that she no longer owed the debt.

28.  Ms. Finch is entitled to actual damages, three times actual damages, and attorney fees, under § 30-14-133, MCA.

## PRAYER FOR RELIEF

Ms. Finch prays for the following relief:

1.  Actual damages;

2.  Statutory damages, including treble damages;

3.  Attorney fees; and

4.  Such other relief as the court deems just and proper.

## JURY DEMAND

Ms. Finch hereby demands a trial by jury of the issues triable by right by jury.

DATED this 29 day of March, 2006.

REYNOLDS, MOTL AND SHERWOOD, P.L.L.P.

BY: _____
David K. W. Wilson, Jr.
*Attorney for Plaintiff*

## VERIFICATION

STATE OF MONTANA        )
                        :ss.
County of Missoula      )

  Brandy Finch, being first duly sworn, deposes and says:

  That she is the Plaintiff in the foregoing; that she has read and knows the contents thereof; and that the facts and matters contained therein are true, accurate, and complete to the best of her knowledge and belief.

_____<br>Brandy Finch

  On this 27 day of March, 2006, before me, a notary public, personally appeared Brandy Finch, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that she executed the same.

BRANDI McKNIGHT
NOTARY PUBLIC-MONTANA
Residing at Florence, Montana
My Comm. Expires 12/5/07

Brandi McKnight
Notary Public for the State of Montana
Residing at: Florence
My commission expires: 12/5/07